IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY SANCHEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 1:21-cv-06200 |

**RADIUS GLOBAL SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES the Defendant, Radius Global Solutions, LLC ("RGS"), by and through undersigned counsel, and for its answer and affirmative defenses to Plaintiff's Class Action Complaint, states as follows:

**NATURE OF THE ACTION**

1. This action seeks to redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 227 *et seq.*

**ANSWER:** RGS admits that plaintiff purports to bring this lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), but denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 1. Except as specifically admitted, RGS denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. This Court has general jurisdiction pursuant to 735 ILCS § 5/2-209.

**ANSWER:** RGS admits the allegations in ¶ 2 for jurisdictional purposes only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 2. Except as specifically admitted, RGS denies the allegations in ¶ 2.

3.      The Venue is proper as majority of the events giving rise to this action occurred within Cook County, Illinois.

**ANSWER:   RGS admits the allegations in ¶ 3 for venue purposes only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 3. Except as specifically admitted, RGS denies the allegations in ¶ 3.**

## PARTIES

4.      MARY SANCHEZ, ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this United States jurisdiction.

**ANSWER:   RGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4 and therefore denies the allegations.**

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER: Paragraph 5 contains a legal conclusion only, requiring no response. To the extent an answer is necessary, RGS denies the allegations in ¶ 5.**

6.      RADIUS GLOBAL SOLUTIONS, LLC ("Defendant") is a corporation organized under the laws of Minnesota.

**ANSWER:   RGS admits the allegations in ¶ 6.**

7.      Defendant maintains its principal place of business in Minneapolis, Minnesota.

**ANSWER:   RGS admits that it has an office located in Minnesota.  Except as specifically admitted, RGS denies the allegations in ¶ 7.**

8.      Defendant specializes in the purchase and collection or debt.

**ANSWER: RGS admits part of its business is the collection of unpaid obligations owed to others.  Except as specifically admitted, RGS denies the allegations in ¶ 8.**

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt, and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**ANSWER: RGS admits that it engages in the collection of debt and that when it acts as a debt collector as defined by the FDCPA, its actions may be subject to regulation pursuant to the statute. Except as specifically admitted, RGS denies the allegations in ¶ 9.**

FACTUAL ALLEGATIONS

10. Prior to the event giving rise to this action, Plaintiff obtained a line of credit through a retail department store card which she opened at Nordstrom alleged ("Subject-Debt.").

**ANSWER: RGS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a reasonable belief therein.**

11. Soon thereafter, the subject debt was either purchased by Defendant or placed with Defendant for collection.

**ANSWER: RGS admits that a debt in plaintiff's name was placed with RGS for collection. Except as specifically admitted, RGS denies the allegations in ¶ 11.**

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

**ANSWER: RGS denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a reasonable belief therein.**

13. On or around August 19th, 2021 Defendant sent Plaintiff a dunning letter seeking to collect the subject debt ("Collection Letter").

**ANSWER: RGS admits that its records reflect that correspondence was sent to plaintiff on or about August 19, 2021, but refers to the original document as the best evidence of its contents. Except as specifically admitted, RGS denies the allegations in ¶ 13.**

14. The Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER: RGS denies the allegations in ¶ 14 as calling for a legal conclusion.**

15. The Collection Letter was the first written communication sent by Defendant to Plaintiff.

**ANSWER: RGS admits the allegations in ¶ 15, upon information and belief.**

16. The Collection Letter depicted, in pertinent part:



**ANSWER: The Collection Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.**

17. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

**ANSWER: RGS admits that correspondence was forwarded to plaintiff. Except as specifically admitted, RGS denies the allegations in ¶ 17.**

Page **4** of **15**

18. Specifically, Defendant's Letter was mailed from the following address: P.O. BOX 390846 Minneapolis, MN 55439.

**ANSWER: RGS denies the allegations in ¶ 18 as stated.**

19. Below and to the right were numerous bar codes listed.

**ANSWER: RGS denies the allegations in in ¶ 19.**

20. Specifically, the information regarding the P.O BOX of 390846 Minneapolis, MN 55439 was visible through the window pane of the envelope.

**ANSWER: RGS denies the allegations in in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.**

21. Upon information and belief, the POX Box referenced in paragraph 20 belongs to the third-party vendor that prepared and mailed Defendant's Letter.

**ANSWER: RGS denies the allegations in ¶ 21.**

22. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

**ANSWER: RGS denies the allegations in ¶ 22.**

23. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt was disclosed.

**ANSWER: RGS denies the allegations in ¶ 23.**

24. Furthermore, the fact that the PO Box was visible through the window pane of the envelope violated Plaintiff's privacy rights.

**ANSWER: RGS denies the allegations in ¶ 24.**

25. Privacy about one's financial affairs are considered of the upmost importance to people.

**ANSWER: The allegations in ¶ 25 are not directed towards RGS and do not require an affirmative response. To the extent a response is required, the allegations are denied.**

26. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was the delivered to Plaintiff (Defendant's Letter).

**ANSWER: RGS denies the allegations in ¶ 26.**

27. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium" (emphasis added).

**ANSWER: The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.**

28. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

**ANSWER: RGS denies the allegations in ¶ 28.**

29. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

**ANSWER: RGS denies the allegations in ¶ 29 as stated.**

30. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

**ANSWER: RGS denies the allegations in ¶ 30.**

31. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

**ANSWER: The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.**

32. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15-U.S.C. § 1692c(b).

**ANSWER: RGS denies the allegations in ¶ 32 as calling for a legal conclusion.**

33. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information is great.

**ANSWER: The allegations in ¶ 33 are not directed towards RGS and do not require an affirmative response. To the extent a response is required, the allegations are denied.**

34. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

**ANSWER: RGS denies the allegations in ¶ 34.**

35. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

**ANSWER: RGS denies the allegations in ¶ 35 as stated.**

36. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

**ANSWER: RGS denies the allegations in ¶ 36.**

37. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

**ANSWER: RGS denies the allegations in ¶ 37.**

## CLASS ALLEGATIONS

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER: RGS reasserts the foregoing as if fully set forth herein.**

39. Plaintiff brings this action individually, and on behalf of all others similarly situated ("Putative Class").

**ANSWER: RGS admits that plaintiff brings this action individually and on behalf of a class, but denies the allegations in ¶ 39 and further denies that this lawsuit meets the requirements of a class action.**

40. The Putative Class is defined as follows:

> All natural persons residing in Cook County (a) that received a correspondence from Defendant; (b) attempting to collect a consumer debt (c) using a collection letter as described in this matter, (d) within one (1) year preceding the date of this complaint through the date of class certification.

**ANSWER: RGS admits that plaintiff purports to define the Class, but denies the allegations in ¶ 40 and further denies that this lawsuit meets the requirements of a class action.**

41. The following individuals are excluded from the Putative Class: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**ANSWER: RGS admits that plaintiff purports to exclude those entities and individuals outlined in ¶ 41, but denies the allegations and further denies that this lawsuit meets the requirements of a class action.**

A. **Numerosity**

42. Upon information and belief, Defendant mailed hundreds of similar letters to consumers within Cook County, Illinois.

**ANSWER: RGS denies the allegations in ¶ 42 as stated and further denies that this lawsuit meets the requirements of a class action.**

43. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**ANSWER: RGS denies the allegations in ¶ 43 and further denies that this lawsuit meets the requirements of a class action.**

44. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**ANSWER: RGS denies the allegations in ¶ 44 and further denies that this lawsuit meets the requirements of a class action.**

B. **Commonality and Predominance:**

45. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**ANSWER: RGS denies the allegations in ¶ 45 and further denies that this lawsuit meets the requirements of a class action.**

C. **Typicality:**

46. Plaintiff's claims are representative of the claims of other members of the Putative Class.

**ANSWER: RGS denies the allegations in ¶ 46 and further denies that this lawsuit meets the requirements of a class action.**

47. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class received the same letter and are thus entitled to the same damages.

**ANSWER: RGS denies the allegations in ¶ 47 and further denies that this lawsuit meets the requirements of a class action.**

D. **Superiority and Manageability:**

48. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

**ANSWER: RGS denies the allegations in ¶ 48 and further denies that this lawsuit meets the requirements of a class action.**

49. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

**ANSWER: RGS denies the allegations in ¶ 49 and further denies that this lawsuit meets the requirements of a class action.**

50. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER: RGS denies the allegations in ¶ 50 and further denies that this lawsuit meets the requirements of a class action.**

51. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**ANSWER: RGS denies the allegations in ¶ 51 and further denies that this lawsuit meets the requirements of a class action.**

**E.     Adequate Representation:**

52. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

**ANSWER: RGS denies the allegations in ¶ 52 and further denies that this lawsuit meets the requirements of a class action.**

53. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

**ANSWER: RGS denies the allegations in ¶ 53 and further denies that this lawsuit meets the requirements of a class action.**

54. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**ANSWER: RGS denies the allegations in ¶ 54 and further denies that this lawsuit meets the requirements of a class action.**

## CLAIMS FOR RELIEF

## COUNT I

55. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER: RGS reasserts the foregoing as if fully stated herein.**

56. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

**ANSWER: RGS denies the allegations in ¶ 56.**

57. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

**ANSWER: RGS denies the allegations in ¶ 57.**

58. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER: The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.**

59. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

**ANSWER: The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.**

60. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on a debt by using the bar code on the subject envelope sent to Plaintiff.

**ANSWER:   RGS denies the allegations in ¶ 60.**

61.   The use of the PO Box visible through the window pane of the envelope violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

**ANSWER:   RGS denies the allegations in ¶ 61.**

62.   Plaintiff may enforce the provisions of the FDCPA pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1)   any actual damage sustained by such person as a result of such failure;

(2)

    (A)   in the case of any action by an individual, such additional damages, as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**ANSWER:   RGS denies the allegations in ¶ 62.**

**WHEREFORE,** Plaintiff, on behalf of herself and the members of the putative class members requests the following relief:

A.   a finding that Defendant violated 15 U.S.C. § § 1692c(b) and f(8);

B.   an order certifying the proposed class and the appointment of Plaintiff as the class representative;

C.   an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers,

D.   an award of statutory damages in the amount of $1,000 to each putative class member;

    E.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    F.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    G.    an award of attorney's fees and costs; and

    H.    an award of such other relief as this Court deems just and proper.

**ANSWER: In response to the allegations following ¶ 62, which constitutes a prayer for relief, RGS denies that Plaintiff and the putative class members are entitled to the relief sought.**

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

**ANSWER: In response to the allegations following ¶ 62, which constitutes a Jury Demand, RGS admits Plaintiff purports to seek trial by jury, but denies that Plaintiff is entitled to the relief sought.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant Radius Global Solutions, LLC, avers as follows:

## FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation is established and in the event RGS is found to be a debt collector as defined in FDCPA, which is denied, any such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on equitable grounds, including the laches, unclean hands, equitable estoppel, and the running of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSES

Plaintiff's claims fail as any dispute arising out of plaintiff's account, on information and belief is subject to binding arbitration.

### FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### FIFTH AFFIRMATIVE DEFENSE

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by RGS.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are subject to binding arbitration and/or a class bar.

WHEREFORE, Defendant, Radius Global Solutions, LLC, respectfully requests that Plaintiff's lawsuit be dismissed, with prejudice, and for all other general and equitable relief.

Dated: November 23, 2021      Respectfully Submitted,

/s/ Morgan I. Marcus
Morgan I. Marcus, Esq.
SESSIONS, ISRAEL & SHARTLE, LLC
141 W. Jackson Blvd., Suite 3550
Chicago, IL 60604-2992
Telephone No.: (312) 578-0990
Facsimile No.: (877) 334-0661
mmarcus@sessions.legal
Attorneys for Defendant,
Radius Global Solutions, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 23, 2021, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

/s/ Morgan I. Marcus
Morgan I. Marcus, Esq.